UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:16-CV-14106-ROSENBERG/LYNCH

BRANDY KOEHLER,
HALEY GIARRATANO & SHANNON
GIARRATANO,

    Plaintiffs,

v.

TREASURE COAST CARWASH, LLC,
a foreign limited liability corporation &
DANIEL RODRIGUEZ,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS COUNTS SEVEN AND NINE OF THE COMPLAINT

This cause is before the Court on Defendants' Motion to Dismiss Counts Seven and Nine of the Complaint [DE 13]. The motion has been fully briefed. For the reasons set forth below, the motion is granted as to Count Seven and denied as to Count Nine.

Plaintiffs are former employees of Defendant Treasure Coast Carwash. Plaintiffs have filed suit alleging, in essence, that their former manager and supervisor sexually harassed them. Defendants have moved for two counts to be dismissed: Count Seven, which alleges a Defendant violated child labor laws by employing one of the Plaintiffs, and Count Nine, which alleges that Defendant Treasure Coast Carwash is liable for battery committed by Defendant Daniel Rodriguez by virtue of the doctrine of *respondeat superior*. In considering a motion to dismiss, the Court must accept the allegations in a Complaint as true and construe them in a light most favorable to the plaintiffs. *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321 (11th Cir. 2012). At the pleading stage, the Complaint need only contain a "short and plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). All that is required is that there are "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The Court addresses each of Defendants' arguments in turn.

### A. Count Seven

Plaintiffs' Count Seven is premised upon Florida's Child Labor Law, codified in chapter 450 of the Florida Statutes. *See* Fla. Stat. § 450.001 *et seq.* Defendants argue this count must be dismissed because the statute does not provide a private cause of action. It is true that "[a] federal court . . . should be cautious in implying a private cause of action in state law that has not been expressly created by the state legislature or found by a state court." *Laskey v. 69th St. Props., L.P.*, No. 10-60552, 2010 WL 2573754, at *2 (S.D. Fla. June 24, 2010) (citing *Swerhan v. Guardian Life Ins. Co.*, 979 F.2d 195, 198 (11th Cir. 1992)). Under Florida law, "[a] court may imply a private cause of action only where the statutory scheme and statute itself indicate a legislative purpose to do so." *Curtis v. City of W. Palm Beach*, 82 So. 3d 894, 895 (Fla. Dist. Ct. App. 2011) (quoting *Merkle v. Health Options, Inc.*, 940 So. 2d 1190, 1197 (Fla. Dist. Ct. App. 2006)). Thus, courts have declined to imply a private cause of action when "the legislature has provided criminal penalties for the violation" but has not provided civil remedies. *See Ochab v. Morrison, Inc.*, 517 So. 2d 763, 764 (Fla. Dist. Ct. App. 1987); *see also Temple v. Aujla*, 681 So. 2d 1198, 1199 (Fla. Dist. Ct. App. 1996) ("[W]here the legislature has spoken by delineating a specific remedy, it is not the judicial branch's role to overstep the legislature's authority and create an additional remedy.").

Here, the Florida Department of Business and Professional Regulation is expressly responsible for the administration and enforcement of Florida's Child Labor Law. Fla. Stat. § 450.121(3) ("It is the duty of the [Department of Business and Professional Regulation] and its agents and all sheriffs or other law enforcement officers of the state or of any municipality of the state to enforce the provisions of this law, to make complaints against persons violating its provisions, and to prosecute violations of the same."). A violation of the Florida Child Labor Law is a second degree misdemeanor. Fla. Stat. § 450.141(1). There is no provision in the Florida Child Labor Law for a private cause of action. In summary, the Court finds Defendants' argument persuasive that there is no private cause of action for a violation of the Florida Child Labor Law.

In response, Plaintiffs do not cite to a provision in the Child Labor Law that provides a private cause of action. Nor do Plaintiffs cite to any legislative history that would imply such a cause of action exists. Instead, Plaintiffs principally rely upon two cases. The first such case is *Sloan v. Coit International, Inc.*, 292 So. 2d 15 (Fla. 1974). But that case merely established that a violation of a child labor law can constitute *negligence per se*—the case has no bearing or relevance on the question of whether a violation of Florida's Child Labor Law provides for *its own* cause of action. *See Sloan*, 292 So. 2d at 16 ("[P]etitioners urge that [a violation of chapter 450] is negligence per se. . . .").[1] The second case upon which Plaintiffs rely is *Florida Freight Terminals, Inc. v. Cabanas*, 354 So. 2d 1222 (Fla. Dist. Ct. App. 1978). That case, however, is even less relevant than *Sloan*. In *Florida Freight*, the appellate court merely considered whether

---

[1] Plaintiffs' own citations establish the lack of relevance of this line of cases. For example Plaintiffs state that "In [a case cited by *Sloan*], the Court held that 'where one violates a penal statute imposing upon him a duty designed to protect another, he is *negligent as a matter of law*, therefore, responsible for such damage *as is proximately caused by his negligence*." DE 15 at 2-3 (emphasis added).

3

the trial court erred in refusing to instruct the jury that the violation of a regulation was negligence per se. *Id.* at 1225. Negligence per se is not before this Court.

In summary, Plaintiffs' arguments are unpersuasive. Moreover, more recent case law (than that cited by Plaintiffs) makes clear that legislative intent is the primary focus for a court's determination of whether a private cause of action exists. *Murthy v. N. Sinha Corp.*, 644 So. 2d 983, 985 (Fla. 1994) ("[L]egislative intent, *rather than the duty to benefit a class of individuals*" is "the primary factor considered by a court in determining whether a cause of action exists when a statute does not expressly provide for one.") (emphasis added). In light of the caution with which this Court must exercise in determining whether a private cause of action exists where none is expressly provided for by the legislature, in light of Defendants' persuasive arguments that no private cause of action exists here, and in light of Plaintiffs' lack of relevant authority to the contrary, Plaintiffs' Count Seven is dismissed. This dismissal is without prejudice, however, insofar as if Plaintiffs can identify legislative history or other clear authority for the proposition that a private cause of action *does* exist, the Court will entertain a motion to amend complaint.

**B. Count Nine**

Plaintiffs' Count Nine alleges that Defendant Daniel Rodriguez battered a Plaintiff by grabbing her, picking her up, and putting her legs around his waist and that Defendant Treasure Coast Carwash is liable for Mr. Rodriguez's actions. DE 1 at 30. Defendants argue that this behavior does not subject Treasure Coast Carwash to liability under the doctrine of *respondeat superior*. For an employer to be liable for an intentional tort under that doctrine, the employee's acts must have been committed within the scope of employment. *Jones v. City of Hialeah*, 368 So. 2d 398, 400 (Fla. Dist. Ct. App. 1979). "There is no liability where the agent has stepped

4

aside from his employment to commit a tort which the principal neither directed in fact, nor could be supposed, from the nature of his employment, to have authorized or expected the agent to do." *Id.* (citing *Dieas v. Assoc. Loan Co.*, 99 So. 2d 279, 281 (Fla. 1957)). Thus, an employee's conduct is within the scope of employment only if: 1) it is the kind he or she is employed to perform, 2) it occurs substantially within the time and space limits of the employment and 3) it was activated at least in part by a purpose to serve the master. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528 (11th Cir. 1990) (citing *Rabideau v. State*, 391 So. 2d 283 (Fla. Dist. Ct. App. 1980), *aff'd*, 409 So. 2d 1045 (Fla. 1982)).

Here, Defendants argue that Mr. Rodriguez's alleged decision to sexually harass an employee did not occur within the scope of his employment and was not activated in part to serve his master. In response, Plaintiffs argue that the battery is alleged to have occurred on the premises of the business, during business hours, and during a "Secret Santa" gift-giving exchange organized by Treasure Coast Carwash. *See* DE 1 at 10. The Court must view all allegations in the complaint in the light most favorable to Plaintiffs. Critical facts are unknown at this time such as the facts and circumstances surrounding this gift exchange, how such events were conducted in the past, and just what Treasure Coast knew or required in connection with events of this type. Therefore, viewing Plaintiffs' allegations in the light most favorable to Plaintiffs, the Court is not prepared to conclude that, as a matter of law, the doctrine of *respondeat superior* cannot apply to Plaintiffs' claims. Instead, this is a matter more properly considered at summary judgment. Accordingly, Defendants' motion to dismiss Count Nine is denied.

For all of the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Counts Seven and Nine of the Complaint [DE 13] is **GRANTED IN PART AND DENIED IN PART** insofar as Count Seven is **DISMISSED WITHOUT PREJUDICE**.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 18th day of July, 2016.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record